## JOHN RILEY *v.* THE CITY OF LOUISVILLE.

In an action against defendants, for damages on account of an injury done to plaintiff's boat by a steamer alleged to belong to the former, who pleaded the general issue, proof that defendants were owners of the steamer, is necessary to a recovery; and where the omission of evidence of ownership was attributable to the oversight of the plaintiff's attorney, the case will be remanded to obtain such proof.

APPEAL from the District Court of the First District, *Buchanan*, J.

MARTIN, J.    The defendants are appellants from a judgment by which they are condemned to pay six hundred dollars, for damages sustained by the plaintiff's steamboat, through the unskilfulness and negligence of the persons who navigated that of the defendants.    The suit began by a process of attachment, which was levied on the steamboat Agnes, which the petition alleges to be the property of the defendants, and the boat by which that of the plaintiff was injured.    She was released on a bond, given by two individuals.    One of whom states himself to be the master of the steamboat Agnes.    The answer begins by the general issue; but no part of it admits, that the steamer Agnes is their property.    The legal proof of that property, is essential to the plaintiff's recovery.    The moral proof is strong.    The Sheriff who was directed to attach the defendant's property, has reported, that he seized the steamboat Agnes, which was released on the application of the master, who gave his bond to pay whatever judgment might be obtained in the present suit.    The ownership, the denial of which, supported by evidence, would have been the best defence that could have been made for the defendants, was not denied otherwise than by the general issue.    These circumstances compel us to consider this case as one of those which justice requires us to remand, in order, that evidence, which most probably exists, may be procured, the absence of which can only be attributed to an oversight in the plaintiff's attorney.

It is, therefore, ordered and decreed, that the judgment be annulled and reversed; and the case remanded for further pro-

ceedings according to law; the plaintiff paying the costs of the appeal.

*Randall*, for the plaintiffs.

*Chinn*, for the appellants.